(November 16, 1900.)

## STICKNEY v. BERRY.

[62 Pac. 924.]

COSTS—FILING MEMORANDUM OF COSTS.—The successful party must file his memorandum of costs within five days from entry of verdict or service of notice of the court's decision.

STRIKING COST-BILL.—A memorandum of costs which is not filed within the time required by the statute should be stricken from the files on the motion of the adverse party.

ITEMIZING WITNESS FEES.—A memorandum of costs in which witness fees are charged should show the number of days that each witness attend court, and the number of miles traveled by each.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Charles Wade Stickney, for Appellant, cites no authorities on the points decided by the Court.

There was no appearance on part of respondent.

QUARLES, J.—This is an appeal from an order, made after judgment, striking out the plaintiff's bill of costs. It appears from the record that the decree was entered July 5, 1899, and that the decree and findings were not indorsed "Filed" until August 22, 1899. Notice of the court's decision was given and served. Afterward, August 25, 1899, the plaintiff filed his memorandum of costs, but this was more than five days after the notice of the court's decision was given. Thereafter the defendant, after due notice, moved the court to strike out the plaintiff's bill of costs on the ground that it was not filed within the statutory period of five days from the notice of decision. The plaintiff filed affidavits in opposition to said motion, wherein it is stated that the plaintiff was, at the time the decision was rendered, absent in one of the eastern states, and that his attorney was unable to secure the necessary data to make out the memorandum of costs. The court sustained the motion, and struck the memorandum of costs from the files. We see no error in the action of the court. The statute (Act Feb. 14, 1899, amending Rev. Stats., sec. 4912; Acts 1899, pp. 231, 232) provides that "the party in whose favor the judgment is rendered and who claims his costs, must within five days after the verdict or notice of the decision of the court or referee, file with the clerk and serve upon the adverse party or his attorney, a copy of a memorandum of the items of his costs and disbursements in the action or proceeding, which memorandum must be verified," etc. This statute is mandatory in its terms. The memorandum was not filed in time. The failure to file it within the time required by the statute can only be charged to negligence. The plaintiff cannot be excused on the showing made, under the provisions of section 4229 of the Revised Statutes. The order striking out the cost bill was proper.

But, going beyond this question, and looking at the memorandum of costs, we find that all of it, except thirteen dollars and five cents, was for witness fees, not itemized as required by the statute, stated in the memorandum as follows: "Henry Harger, $43; Frank V. Lamb, $43.50; Frank C. Mandell, $32.50; Thomas Jenkins, $3; Charles Haney, $3; W. H. Cherry, $40; Ed. Jamison, $42; Peter Bursted, $41.50; Charles H. Furey,

$43.50." This does not comply with the requirements of the statutes as to itemizing. The memorandum should not only show the amount due each witness, but should show the number of days that each attended court, and the number of miles traveled by each. The order appealed from is affirmed, with costs to respondent.

Huston, C. J., and Sullivan, J., concur.