(October 24, 1925.)

STEWART WHOLESALE COMPANY, a Corporation, Plaintiff, v. THE DISTRICT COURT OF THE NINTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY, GEORGE W. EDGINGTON, as Judge of Said District Court, A. B. LUNDBERG, L. E. LUNDBERG, JOEL J. LUNDBERG and ALLIE LUNDBERG, His Wife, LEWIS E. LUNDBERG and ARDA LUNDBERG, His Wife, and JOHN W. R. LUNDBERG, Defendants.

[240 Pac. 597.]

EQUITY—TRIAL—SUBMISSION OF PHASE OF CASE TO JURY—SPECIAL VERDICT—CLERK'S JUDGMENT ON—NULLITY—JUDGMENT BY COURT —STIPULATIONS—ENFORCEMENT.

1. In a case involving equitable issues, where a phase of the case is submitted to a jury for verdict, under stipulation that questions in equity will be later submitted to the court, the verdict is a special verdict, and the judgment rendered must be by the court, and the clerk is without authority to enter judgment unless rendered by the court.

2. A judgment entered by the clerk on a special verdict, in an action involving equitable issues stipulated to be tried by the court, where no judgment has been ordered or rendered thereon by the court, is a nullity.

3. Stipulations between attorneys relating to the conduct of cases should be kept in good faith, and enforced when fair, reasonable and proper, unless good cause is shown to the contrary.

Original application for Writ of Mandate. *Writ granted.*

Delana & Delana and Arthur W. Holden, for Plaintiffs.

A judgment is not final as to matters, even though covered in the pleadings, which were withdrawn by consent or

Publisher's Note.
3.  See 25 R. C. L. 1100.

stipulation of the parties. (*Southern Pac. Ry. Co. v. Edmunds,* 168 Cal. 415, 143 Pac. 597; *Miller v. James,* 180 Cal. 38, 179 Pac. 174; *Crossman v. Greggs,* 188 Mass. 156, 74 N. E. 358; *Allen v. Frank* (Tex. Civ. App.), 252 S. W. 347; *Healey v. Bowman,* 271 Pa. 293, 115 Atl. 184; *Brennan v. American Sulphur Min. Co.,* 45 Colo. 248, 100 Pac. 412; *Utah Oil Refining Co. v. District Court,* 60 Utah, 428, 209 Pac. 624; *Davenport v. Davenport,* 69 Mont. 405, 222 Pac. 422; *Johnson v. Vance,* 86 Cal. 128, 24 Pac. 863.)

A judgment is not a final judgment as to matters which were not actually litigated, even though covered by the pleadings. (*Major v. Owen,* 126 Minn. 1, Ann. Cas. 1915D, 589, 147 N. W. 662; *Fox v. Fox,* 154 Minn. 169, 191 N. W. 420; *Parker v. Shannon,* 137 Ill. 376, 27 N. E. 525; *Crebbins v. Bryce,* 24 Tex. Civ. App. 532, 60 S. W. 587; *Allen v. Frank* (Tex. Civ. App.), 252 S. W. 347; *Hastings v. Swindle,* 206 Mo. App. 74, 226 S. W. 71; *McComb v. Frink,* 149 U. S. 629, 13 Sup. Ct. 993, 37 L. ed. 876; Black on Judgments, 2d ed., sec. 620.)

A judgment is not final where a part of the issues are withdrawn for any cause. (34 C. J. 825, sec. 1238; *Palmer v. Sanger,* 143 Ill. 34, 32 N. E. 390; *Dean v. Cole,* 103 Or. 570, 204 Pac. 952; *Farrell v. Steward,* 134 Ark. 605, 135 Ark. 617, 204 S. W. 423; *Lake v. Hancock,* 38 Fla. 53, 56 Am. St. 159, 20 So. 811; *Levy v. Solomon,* 207 Pa. 478, 56 Atl. 1007; *Young v. Berman,* 96 Ark. 78, 131 S. W. 62; 34 C. J. 931, sec. 1337.)

It is not material that the equitable features of this case were not disposed of at the same term at which the law features were settled by a verdict of the jury. (*Utah Oil Refining Co. v. District Court,* 60 Utah, 428, 209 Pac. 624.

"A stipulation between attorneys relating to the conduct of a suit should be enforced unless good cause is shown to the contrary." (*Brennan v. American Sulphur & Min. Co.,* 45 Colo. 248, 100 Pac. 412.)

C. E. Crowley and E. M. Holden, for Defendants.

The complaint shows on its face that the final judgment on the verdict has been entered in the trial court at plaintiff's special instance and request; that no cause of action is now pending in said district court; that no order reserving judgment was made when said verdict was received and no reservation of judgment for further hearing was retained in said judgment; that plaintiff was evidently satisfied with the verdict and judgment rendered in the action and is bound by the record. (C. S., secs. 6864, 6895; *Barry v. Superior Court,* 91 Cal. 486, 27 Pac. 763; *White v. White,* 130 Cal. 597, 80 Am. St. 150, 62 Pac. 1062; *Carpentier v. Hart,* 5 Cal. 406; *Hubbard v. Moss,* 65 Mo. 647; 33 C. J. 1193; *In re Barry,* 94 Cal. 562, 29 Pac. 1109; *United States F. & G. Co. v. Porter,* 3 Fed. (2d) 57; 1 R. C. L. 341; *Suydam v. Pitcher,* 4 Cal. 280.)

The complaint in this proceeding shows on its face that the lower court has heretofore made and entered a judicial order, finding and judgment to the effect that the judgment on the verdict prepared and caused to be entered by the plaintiff in said case was a final judgment in said case and that the plaintiff is estopped by its own acts to further prosecute said case in said court; that said judgment and order is a judicial determination of fact and of such a nature that it will not be reviewed by this court on application for a writ of mandate. (*Newman v. District Court,* 32 Ida. 607, 186 Pac. 922; *Cahill v. Superior Court,* 145 · Cal. 42, 78 Pac. 467; see annotations, 4 A. L. R. 599.)

The complaint in this proceeding shows that the plaintiff has waived and abandoned its rights to be heard on any of the equitable issues, and it is estopped by its conduct and by its own record made by it in the lower court and pleaded in said complaint to claim any of the relief prayed for. (*Klokke v. Stanley,* 109 Ill. 192; *Ames v. Ames,* 75 Neb. 473, 106 N. W. 584; 38 C. J. 574; 1 C. J. 1169, sec. 443, and cases cited.)

When at the trial of a cause of action containing legal and equitable issues it is stipulated that certain issues will be submitted to a jury and the remaining issues will "later be submitted to the court," the defendant, by entering into such stipulation, does not consent to a splitting of the cause of action so that more than one final judgment can be entered in such case. (*Bagley v. Ward,* 37 Cal. 121, 99 Am. Dec. 256; *Leavitt v. Judge,* 52 Mich. 595, 18 N. W. 374; *State v. Judge,* 43 La. Ann. 826, 9 So. 640.)

The defendants against whom judgment was rendered thereafter appealed to this court, and other defendants made application to the lower court to have certain property released from attachment in said case, which motion was resisted by plaintiff. After hearing, the court released said property and held that such judgment was a final judgment. From said order the plaintiff took an appeal to this court and thereby waived any rights it might have had for further hearing under said stipulation, and abandoned the equitable issues in the case. The judgment is therefore binding on the plaintiff as a final judgment and it is estopped by its own act and record from procuring a writ of mandate to compel the district court to further try any of said issues not tried or presented at the trial in the district court. (*Barnard v. Daggett,* 68 Ind. 305; *Ady v. Barnett,* 142 Wis. 18, 124 N. W. 1061; *Kansas Pacific Ry. Co. v. Hopkins,* 18 Kan. 494; *Sorrell v. Stone,* 60 Tex. Civ. App. 51, 127 S. W. 300; 1 C. J. 1169, sec. 443; *Rice v. McCaulley,* 7 Houst. (Del.) 226, 31 Atl. 240.)

The jurisdiction of the lower court is exhausted and further hearing and trial of the case will not be ordered by this court on application of plaintiff for a writ of mandate. (C. S., sec. 6864, 6895; *Peck v. Booth,* 42 Conn. 271; *People v. Hatch,* 33 Ill. 9; *Bear Lake Co. v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614; *De Cordova v. Galveston,* 4 Tex. 470.)

The defendants did not, by stipulating that certain legal issues be submitted to a jury and that the remaining issues should be later submitted to the court, agree that more than

one judgment be made and entered in said case, or that the plaintiff should take and enter final judgment on the verdict and that the then remaining issues of the case should be tried by the court. The final judgment has in fact been entered in said case and the action on which said final judgment was based is no longer pending in said court. Such judgment will not be reviewed in *mandamus* and the same does not constitute a refusal on the part of the trial court to act. (*In re Key*, 189 U. S. 84, 23 Sup. Ct. 624, 47 L. ed. 720; *People v. Garnett*, 130 Ill. 340, 23 N. E. 331; *Goheen v. Myers*, 18 B. Mon. (Ky.) 423; *Sweeney v. Raynolds*, 17 N. M. 282, 127 Pac. 23; *In re McBride*, 72 Hun, 394, 25 N. Y. Supp. 431; *State v. Smith*, 105 Mo. 6, 16 S. W. 1052; *Gruner v. Moore*, 6 Colo. 526; *June v. Superior Court*, 16 Cal. App. 126, 116 Pac. 293; *Purcell v. McKune*, 14 Cal. 230.)

TAYLOR, J.—This action was instituted against the Hon. George W. Edgington, Judge of the district court of the ninth judicial district, and others named defendants, to secure an alternative writ of mandate, requiring the judge to make and enter an order setting a cause for trial, wherein the plaintiff herein and all of the defendants except the said judge were parties, alleged to be pending in said court, or to show cause why said order should not be made and entered. The cause was heard herein upon the complaint, a demurrer of the defendants thereto for insufficiency, and the return and answer of the defendant judge. Both the complaint and the answer thereto set forth many matters which it will not be necessary for this court to consider. We will treat of the sufficiency of the complaint and the return thereto together.

It appears from the record that the plaintiff, by a complaint and an amended complaint, in an action wherein this plaintiff was plaintiff and all of the defendants except the Hon. George W. Edgington, District Judge, were defendants, in the district court in and for Bonneville county, set forth facts and prayed a judgment upon two promissory

notes against W. A. Bishop, Lewis Dunton, M. B. Poole, A. H. Beasley, Isadore Wieber, G. E. Randall, Otis W. South, A. B. Lundberg and L. E. Lundberg, as guarantors of said notes, and alleging that the two last-named defendants, A. B. Lundberg and L. E. Lundberg, as grantors, and the defendants Joel J. Lundberg and Allie Lundberg, his wife, Lewis E. Lundberg and Arda Lundberg, his wife, and John W. R. Lundberg, as grantees, had entered into a conspiracy to hinder, delay and defraud the plaintiff, to whom said grantors, at said time and for some time past, had been indebted as guarantors upon said promissory notes; that, in furtherance of said conspiracy, said grantors had conveyed all the property they owned in Idaho to said grantees without consideration; that the grantees gave back to the grantors mortgages, alleged to be fraudulent; that the grantors immediately left the state of Idaho, taking said mortgages with them; that said Joel J. Lundberg was a brother, and the said Lewis E. Lundberg and John W. R. Lundberg were nephews, of said grantors; that the said grantees entered into said conspiracy knowingly, wilfully and intentionally, with the purpose of hindering, delaying and defrauding the plaintiff; and that said grantors had no other property in Idaho with which to satisfy plaintiff's indebtedness; and prayed judgment against the first named defendants as guarantors of said notes, and judgment against the grantors and grantees of said lands, setting aside the alleged fraudulent conveyances.

Answers therein were filed by W. A. Bishop, M. B. Poole, A. H. Beasley, G. E. Randall, L. E. Lundberg and A. B. Lundberg to the action on the said promissory notes and guaranty, and by A. B. Lundberg, L. E. Lundberg, Joel J. Lundberg, Lewis E. Lundberg and John W. R. Lundberg as to the alleged fraudulent conveyances; and in addition Joel J. Lundberg and wife and John W. R. Lundberg filed cross-complaints asking that the title to the property be quieted in them. Thereafter, on January 27, 1925, the cause was duly set for trial and a jury impaneled, at which time a stipulation was entered into between counsel for

41 Idaho—37

plaintiff and defendants, in open court, that the only issues which should be submitted to the jury in said cause should be the question of the liability of the defendants on said promissory notes and guaranty, and that the equity questions should be later submitted to the court. The stipulation, in the language of respective counsel, Mr. Crowley for the defendants, and Mr. Delana for the plaintiff, is set out in the complaint as taken down by the court stenographer in open court, as part of the record of the trial, being as follows:

"Mr. Crowley: May it be also stipulated that the only part of this action to be submitted to the jury will be the question of the liability of the defendants upon the promissory notes, and that the questions in equity will be later submitted to the court?

"The Court: Depending, of course, upon the verdict returned by the jury.

"Mr. Crowley: Yes.

"Mr. Delana: That is right."

It is alleged and not denied—

"That after said stipulation and pursuant thereto, the trial of said cause proceeded, and the plaintiff introduced evidence in regard to said notes and said guaranty, and the defendants, W. A. Bishop, M. B. Poole, A. H. Beasley, G. E. Randall, L. E. Lundberg and A. B. Lundberg introduced evidence in defense of the action on said notes and guaranty; that the plaintiff did not introduce any evidence respecting said alleged fraudulent conveyances, and that neither the said defendant grantors and the said defendant grantees introduced any evidence in respect to said fraudulent conveyances; that the defendants, Joel J. Lundberg and John W. R. Lundberg introduced no evidence under or to sustain said cross-complaint. That after the evidence was all closed, the jury retired to deliberate, and after due deliberation, returned into open court, with a verdict in favor of the plaintiff as set forth in the judgment hereto attached, marked 'Plaintiff's Exhibit B,' and against W. A. Bishop, M. B. Poole, A. H. Beasley, G. E. Randall, A. B.

Lundberg and L. E. Lundberg upon said notes and guaranty in the sum of Thirteen Thousand Eight Hundred Seventy Dollars and Thirty-five Cents ($13,870.35).''

It is admitted that when the jury returned said verdict into open court, none of counsel for any of the defendants were present; that the verdict was returned about 10 o'clock Saturday night, January 31, 1925; and that plaintiff's counsel at that time requested the defendant judge of said court to proceed with the trial of the equity features of said action on Monday morning, February 2, 1925; and alleged by defendants that the court at that time informed the attorney that there were other matters pending in the district and elsewhere which had to be taken care of by him on said day, and that the court would have to adjourn at that time until February 12, 1925. On February 2, 1925, plaintiff's counsel filed a judgment, entered by the clerk, in favor of plaintiff and against the defendant guarantors on the verdict rendered, and later filed a cost bill.

The defendants, by their answer, make a point that the plaintiff failed to and did not make request at said time either that the cause be reserved for further hearing or further argument, or that any issue or points whatsoever be reserved for further trial or further hearing or further argument, and failed to make any application to the court for an order, either reserving any issue whatsoever for further trial or further hearing, or reserving either any issues or points for further argument, or further reserving any issues therein for further consideration, or for an order granting a stay of proceedings; that the court thereupon announced in open court that the term was adjourned until Thursday, February 12th, and that said order was entered in the minutes at said time by the clerk.

The inference sought to be created that plaintiff did not call the court's attention to the judgment having been entered, and that the court did not know of it until some time in August, when defendants credit themselves with conveying the information, is refuted by defendants' own pleadings, which show that the attorney for the defendants

and cross-complainants, on February 7th, between the adjournment on January 31st and the resumption of court on February 12th, filed a motion, which he did not see fit to serve upon opposing counsel, to dismiss the cross-complaints of defendants, on the ground that "the plaintiff has now taken judgment upon the verdict rendered herein on the 31st day of January, 1925, by jury, and said plaintiff having accepted said verdict and judgment thereon, and judgment having been entered without any reservation by the plaintiff or the Court," and that the court, on February 7, 1925, granted that motion. The attorney for defendants thus sought to have determined, in such *ex parte* manner, a matter of such vital importance, so foreign to his stipulation, without notice, and now wishes to have this court infer that the plaintiff was misleading the lower court.

The defense is based upon the ground that there is no action pending; that the judgment entered by the clerk upon the verdict against the guarantors became a final judgment, and that the court lost jurisdiction to try any equity matters. While the complaint and answer raise a controversy as to the steps taken by plaintiff to bring the matter before the court, it may be conceded that, directly or indirectly, the plaintiff brought the matter of a further hearing before the defendant judge upon several occasions; and that finally, upon August 5, 1925, the defendant judge entered an order denying the application of plaintiff to have the case set down for further trial and hearing, basing it upon the ground that the judgment rendered and entered was and is a final judgment; that the plaintiff is estopped from further prosecuting its amended complaint; and that the court is without jurisdiction to further hear or try any of the issues formed by the pleadings; and the refusal at that time was, and the defense of the defendants at this time is, based upon those three legal conclusions.

It is not necessary for this court to discuss the many features of the record sought to be presented by the defendants, as to matters of pleading during the settlement of the issues in the original action, or demurrers and motions made

during that time.  It plainly appears that, during the trial
of the case and up to the rendition of the verdict, the issues
were treated as involving a question which might be sub-
mitted to the jury upon the liability of the guarantors upon
the notes, and an equitable issue properly triable before the
court, involving the setting aside of the alleged fraudulent
conveyances; that it was stipulated that the only issue pre-
sented to the jury was to be "the question of the liability
of the defendants upon the promissory notes, and that the
questions in equity will be later submitted to the court";
that the matter submitted to the jury called for, and was
intended to require, a special verdict; and that the verdict
rendered was such special verdict.

That the trial judge had so understood the matter is made
plain by his letter to counsel, pleaded in the complaint,
written when denying the motion to set the cause down for
further hearing, wherein he says:

"It was always the impression of the court that the
equitable features of this cause would be determined at a
later date pursuant to stipulation of counsel, but inasmuch
as counsel for the plaintiff has filed judgment as herein set
forth, the court feels that it has been divested of further
jurisdiction."

C. S., sec. 6895, provides as follows:

"When trial by jury has been had, judgment must be
entered by the clerk, in conformity to the verdict, within
24 hours after the rendition of the verdict, unless the court
order the case to be reserved for argument or further con-
sideration, or grant a stay of proceedings."

C. S., sec. 6896, reads as follows:

"When the case is reserved for argument or further con-
sideration, as mentioned in the last section, it may be
brought by either party before the court for argument."

C. S., sec. 6864, is as follows:

"Upon receiving a verdict, an entry must be made by the
clerk in the minutes of the court, specifying the time of
trial, the names of the jurors and witnesses, and setting out
the verdict at length; and where a special verdict is found,

either the judgment rendered thereon, or if the case be reserved for argument or further consideration, the order thus reserving it.''

It would seem that, reading these three together, the clerk of the court has no authority to enter a judgment under C. S., sec. 6895, where the verdict is a special verdict. His only authority is to enter the judgment rendered by the court thereon. It is specifically alleged in the answer, and fully appears from the pleadings herein, that the defendant judge did not at any time either render or enter any judgment upon the special verdict.

The effect of this stipulation and the procedure adopted made this a trial by the court and not by the jury. The verdict of the jury was only as to part of the issues, and until the issues were determined by the court, no judgment could be rendered or entered. After a special verdict in an equity action, the judgment to be rendered is a matter for the court, and not for the clerk. The decision of the court, findings of fact unless waived and conclusions of law must be given in writing and filed with the clerk, and until such is done there is no authority for entering a judgment. (C. S., secs. 6866, 6867, 6868; *Penninger Lateral Co. v. Clark,* 22 Ida. 397, 126 Pac. 524; *Reclamation District v. Thisby,* 131 Cal. 572, 63 Pac. 918; *Warring v. Freear,* 64 Cal. 54, 28 Pac. 115; *Bell v. Marsh,* 80 Cal. 411, 22 Pac. 170; *Spottiswood v. Weir,* 66 Cal. 525, 6 Pac. 381; *Bates v. Gage,* 49 Cal. 126; *Hastings v. Hastings,* 31 Cal. 95; *Gray v. Palmer,* 28 Cal. 416; *Allen v. Hill,* 16 Cal. 113.)

The judgment, therefore, entered by the clerk was wholly without authority, and was of no force or effect; nor can the entry of such invalid judgment deprive the court of jurisdiction to proceed with the case. No facts are alleged sufficient to constitute an estoppel, based upon the entry of a void judgment. The clerk had no authority to enter the judgment which was entered, and it was wholly invalid.

Stipulations between attorneys relating to the conduct of cases should be kept in good faith, and enforced when fair, reasonable and proper, unless good cause is shown to the

contrary.   The defendant judge, apparently basing his position upon the theory that this judgment deprived the court of jurisdiction, and being in error in this, will no doubt welcome the opportunity to proceed with the case, thus giving effect to the stipulation in accord with his impression "that the equitable features . . . . would be determined at a later date pursuant to stipulation of counsel."

We conclude that the court was in error in its determination that by the entry of such judgment, it had lost jurisdiction, and it is plainly the duty of the court to proceed to try the remaining issues.   In doing such, the court has full authority to take such proceedings as will place the case in the status in which it was when the verdict was rendered, and proceed, without jeopardizing the rights of any party, to a full determination of the issues as stipulated.

Let the peremptory writ issue.   Costs to plaintiff.

William A. Lee, C. J., and Wm. E. Lee, Budge and Givens, JJ., concur.