379 P.2d 661

**Frank PAGE, Plaintiff-Respondent,**

**v.**

**J. D. NOLAND, Defendant-Appellant.**

**No. 9187.**

Supreme Court of Idaho.

March 7, 1963.

Kramer & Walker, Twin Falls, for appellant.

Murphy, Schwartz & Cunningham, Shoshone, for respondent.

KNUDSON, Chief Justice.

A trial of the issues in this case was had before the District Court, sitting without a jury. By letter dated December 6, 1961, the trial judge notified counsel for each party that a decision in favor of appellant had been reached. The letter also requested counsel for appellant to prepare the "necessary findings, conclusions and judgment for the court's signature."

On December 18, 1961, a written stipulation was executed by the attorneys for the respective parties under the terms of which the preparation, signing and filing of findings of fact and conclusions of law were waived. An order adjudging that the findings of fact and conclusions of law (hereinafter referred to as findings) were waived, was signed by the trial judge on December 22, 1961, and filed December 26, 1961.

Appellant's memorandum of costs and disbursements was sworn to on December 26, 1961, and the certificate thereon recites that on the same date a copy thereof was

mailed to the attorney for respondent. It was filed December 27, 1961.

On December 29, 1961, respondent filed his motion to strike appellant's memorandum of costs and disbursements on the ground that it had not been timely filed. By order filed February 14, 1962, the trial court granted respondent's motion to strike appellant's memorandum of costs and disbursements. This appeal is from that order.

The only error assigned is the action of the trial court in sustaining respondent's motion to strike the memorandum of costs and disbursements. Appellant contends that the memorandum was served and filed "within five days after the notice of decision of the court," as required by I.C. § 12-113 and IRCP, Rule 54(d).

It is appellant's contention that the order decreeing that findings had been waived constitutes the "notice of the decision" within the meaning of I.C. § 12-113.

Respondent's position is that the memorandum should have been served and filed not later than five days after December 7, 1961, which is the date both counsel received the trial judge's letter informing the parties that the court had found for defendant, appellant herein.

I.C. § 12-113 provides in part as follows:

"*Taxation of costs.*—The party in whose favor the judgment is rendered and who claims his costs, must, within five days after the verdict or notice of the decision of the court or referee, file with the clerk, and serve upon the adverse party or his attorney, a copy of a memorandum of the items of his costs and necessary disbursements in the action of proceeding, * * *."

This Court in Smith v. Faris-Kesl Const. Co., Ltd., 27 Idaho 407, 150 P. 25, stated that a letter addressed to counsel for the respective parties indicating that the judgment would be in favor of respondent was not notice of the decision of the court as contemplated by sec. 4912, Rev.Codes (now I.C. § 12-113). The court, citing Stewart Min. Co. v. Ontario Min. Co., 23 Idaho 724, 132 P. 787, predicated its opinion upon the premise that under sec. 4406, Rev. Codes (now I.C. § 10-302), the decision of the trial court consists of the findings which must be in writing and filed with the clerk. The court further stated that an oral opinion announced by the court from the bench prior to making of findings, or a written opinion addressed to counsel which is not in the nature of findings, is not the decision of the court.

Respondent cites Young v. Washington Water Power Co., 39 Idaho 539, 228 P. 323, in support of his contention that "notice of decision" as set out in I.C. § 12-113 does not mean that there must be a formal written decision or judgment of the court before the five day period, mentioned there-

in, commences to run. In said cited case the memorandum of costs was filed within five days after the court granted a nonsuit and discharged the jury, but before the court entered formal judgment of dismissal. The minutes of the court showed that the motion for nonsuit was granted and the case dismissed. The court concluded that such action of the trial court constituted its "decision" within the meaning of said § 12–113.

Respondent also cites Harris v. Chapman, 51 Idaho 283, 5 P.2d 733, in which case counsel for respondent on November 22, 1929, received by mail from the trial judge the findings and decree signed by the judge. On the same day attorney for respondent forwarded said papers by mail to the clerk of the court at Hailey, together with respondent's cost bill for filing and they were filed the next day. The court held that respondent received actual notice of the decision when he received the formal findings and conclusions from the trial judge.

In Lusty v. Lusty, 70 Idaho 382, 219 P. 2d 280, the court cited the Harris v. Chapman case as authority that the findings are the "decision" referred to in I.C. § 12–113, and stated that "the five days do not begin from the filing of the decision, but from the date of 'notice of decision'."

The issue here presented has to some extent been considered by this Court in at least two cases in addition to the cases hereinbefore cited. They are Hamilton v. Spokane Etc. R. R. Co., 3 Idaho, Hasb. 164, 28 P. 408; Caldwell v. Wells, 16 Idaho 459, 101 P. 812. Since the cases already cited are not uniform in their respective pronouncements, much confusion has resulted and we deem it important to fully consider the issue here presented.

In Black's Law Dictionary, Fourth Edition, "decision" is defined as "a popular rather than technical or legal word; a comprehensive term having no fixed, legal meaning. It may be employed as referring to ministerial acts as well as to those that are judicial or of a judicial character."

The two following quoted statutes are important guides in determining what our legislature meant by a "decision" as used in I.C. § 12–113.

I.C. § 10–302:

*"Trial of question of fact—Decision of court.*—Upon a trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within twenty days after the cause is submitted for decision."

I.C. § 10–303:

*"Findings of law and fact separately stated.*—In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly."

This Court has uniformly held that the findings are the decision referred to in I. C. § 12–113. However the cases are not in agreement as to whether the findings need be signed and filed in order to constitute a "decision". In Stewart Min. Co. v. Ontario Min. Co., supra, the Court stated:

"The decision consists of the findings of fact and conclusions of law, which must be in writing and filed with the clerk."

See also, Smith v. Faris-Kesl Const. Co., Ltd., supra; Blaine County Investment Co. v. Mays, 52 Idaho 381, 15 P.2d 734.

Under the statutes hereinbefore quoted it is clear that in the decision the facts found and the conclusions of law must be separately stated (I.C. § 10–303) and such decision must be in writing and filed with the clerk (I.C. § 10–302).

■ Under the procedure prescribed by our statutes, whenever findings are required there can be no rendition of the judgment until they are made, signed by the judge and filed with the clerk. Stewart Wholesale Co. v. District Court, 41 Idaho 572, 240 P. 597.

■■ Findings of fact, however, are required only upon the trial of a question of fact, and they may in all instances be waived. In the instant case they were waived by stipulation of the parties. The question here presented is when no findings are made, when does the time for the filing of a cost memorandum commence to run? Some courts have held, under similar statutes, that a minute entry, by the clerk, directing judgment for one or the other of the parties constitutes the decision (under I.C. § 12–113). The record in the instant case does not contain a showing as to when, if at all, a minute entry was made by the clerk. We are convinced that by using the words "a decision" the legislature intended to refer to a pronouncement, reduced to writing, signed by the Judge and filed with the clerk of the court, determining the rights of the parties in an action or proceedings. We do not agree that a minute entry constitutes such "decision".

■ We conclude that where findings are not required or are waived the entry of the judgment or decree constitutes "the decision" within the meaning of I.C. § 12–113.

■ The five days do not begin from the filing of the decision, but from the date of "notice" of the decision, and there is no requirement that the notice of such decision be in writing. The record in this case is silent as to when appellant had notice of the entry of the judgment and for that reason the case must be remanded to the trial court to determine the date upon which appellant had notice of the entry of the judgment and to allow or disallow

costs to appellant according to I.C. § 12–113 when considered in the light of this opinion. For this purpose the court may receive and consider additional proof. The order striking the cost bill is reversed and the cause remanded with instructions to proceed as hereinabove directed. No costs allowed.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.