608 P.2d 413

**BIG O TIRES OF IDAHO, INC.,**
**Plaintiff-Respondent,**

v.

**Michael D. HANLEY and Karen M. Hanley, husband and wife, dba Hanley's Big O of Gooding, Idaho; and Valdo Gray and Valma Gray, husband and wife, dba Hanley's Big O of Gooding, Idaho, Defendants-Appellants.**

No. 13215.

Supreme Court of Idaho.

March 27, 1980.

Russell G. Kvanvig of Kvanvig, Stoker & Stanger, Twin Falls, for defendants-appellants.

Thomas R. Linville of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for plaintiff-respondent.

DUNLAP, Justice Pro Tem.

Plaintiff-respondent Big O Tires sued defendants-appellants Valdo and Valma Gray for collection of an account. The District Judge signed the Memorandum Opinion in favor of the plaintiff on October 5, 1978 and it was filed with the court clerk on October 6, 1978. On October 16, 1978, Big O prepared and mailed its Memorandum of Costs and Disbursements. This Memorandum was filed on October 23, 1978. The district court signed the judgment on the Memorandum Opinion on October 26, 1978, which was entered on October 30, 1978. On November 6, 1978, the Grays filed a motion to strike the Memorandum of Costs and Disbursements, contending that Big O's Memorandum was not filed within the time prescribed by I.R.C.P. 54(d)(5). Big O argues that the Grays had waived any objections to the costs and fees by failing to object within ten days of the service of the Memorandum of Costs. The court entered its order on January 8, 1979, denying the motion to strike the Memorandum of Costs and finding the Memorandum timely filed and the costs and disbursements reasonable.

■ At issue in this case is whether the cost bill was timely filed. I.R.C.P. 54(d)(5) governs the disposition of this issue. According to that rule, "[a]t any time after . . . a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than 10 days after entry of judgment."

Thus, the crux of the case is whether the memorandum opinion filed by the judge on October 6, 1978 is a "decision" within the context of I.R.C.P. 54(d)(5).

*Page v. Noland*, 85 Idaho 369, 379 P.2d 661 (1963), established a five point test in determining whether a court order was a "decision" under the predecessor of I.R.C.P. 54(d)(5). "[B]y using the words 'a decision' the legislature intended to refer to a pronouncement, reduced to writing, signed by the Judge and filed with the clerk of the court, determining the rights of the parties in an action or proceedings." 85 Idaho at 373, 379 P.2d at 663. We see no reason to ignore this language in deciding cases under the new rule. In the present case, the Memorandum Opinion was a written pronouncement, signed by the judge, filed with the court and determinative of the parties' rights. We, therefore, find that it constitutes a "decision" under I.R.C.P. 54(d)(5). As the costs memorandum was filed after October 6 and before November 9, it was within the time limits defined by I.R.C.P. 54(d)(5).

 The next issue is whether the Grays' objection to costs was timely. I.R.C.P. 54(d)(6) applies in this instance:

"Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within 10 days of service of the memorandum of cost. . . . Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed."

As the Grays did not file their objection within thirteen days of service,[1] the statute deems them to have waived their objections to the costs.

Judgment affirmed. Costs to respondent, but no attorney fees.

DONALDSON, C. J., McFADDEN and BISTLINE, JJ., and SCOGGIN, J. Pro Tem., concur.

---

1. I.R.C.P. 6(e)(1) gives a party who is served by mail an extra three days to file his objection. As the Grays were served by mail, they had thirteen days to file their objection.