EARL HARVEY, Respondent, v. DESERET SHEEP COMPANY, a Corporation, Appellant.

[234 Pac. 146.]

WATER RIGHTS—ADJUDICATION OF—TRUST—FINDINGS—REMEDY.

    1.   It is a well-established rule of equity that where one has acquired the legal title to property to which another has the better right equity will convert him into a trustee of the true owner and compel a conveyance of the legal title.

    2.   The trial court is only required to make findings with respect to such of the material issues, supported by the evidence, as are necessary to a determination of the cause.

    3.   The remedy provided by C. S., sec. 7036, is not exclusive.

APPEAL from the District Court of the Seventh Judicial District, for Adams County.   Hon. B. S. Varian, Judge.

Action to establish a water right and for damages occasioned by the wrongful detention of water.   *Affirmed.*

L. L. Burtenshaw and Frank T. Wyman, for Appellant.

The court is required to find upon every material issue in the case and its failure to do so is reversible error.   (*Carson v. Thews*, 2 Ida. 176, 9 Pac. 605; *First Nat. Bank v. Williams*, 2 Ida. 670, 23 Pac. 552; *Wood v. Broderson*, 12 Ida. 190, 85 Pac. 490; *Lorenzi v. Star Market Co.*, 19 Ida. 674, 115 Pac. 490, 35 L. R. A., N. S., 1142; *Jensen v. Bumgarner*, 25 Ida. 355, 137 Pac. 529; *American Min. Co. v. Trask*, 28 Ida. 642,

156 Pac. 1136; *Berlin M. Works v. Dehlbom L. Co.*, 29 Ida. 494, 160 Pac. 746.)

J. W. Galloway and Harris, Stinson & Harris, for Respondent.

An owner of water appurtenant to lands has a right to distribute the water to respective purchasers of the land in such manner as such owner sees fit to do.   (*Hall v. Blackman*, 8 Ida. 272, 68 Pac. 19.)

Property which comes into the hands of one, but which belongs to another, may be recovered in a suit in equity by such other.   (*People v. Houghtaling*, 7 Cal. 348.)

One who acquires land or other property by fraud, misrepresentation, concealment or under any other such circumstances as renders it inequitable for such one to retain it is in equity regarded as the trustee of the party who suffers by reason of the fraud or other wrongful act, and who is equitably entitled to the property.   (39 Cyc. 172.)

WM. E. LEE, J.—Margaret Krigbaum, the common predecessor of the parties to this action, was formerly the owner of the southeast quarter of section 34, township 17 north, range 1 west of the Boise Meridian, in Adams county (formerly a part of Washington county), and a water right as of May 1, 1884, of 50 miner's inches of the waters of Mill Creek, a tributary of the Weiser River, with a duty of water of three-fourths of a miner's inch of water, measured under a four-inch pressure, per acre.   This water right was decreed to her by the district court of Washington county under date of July 25, 1906, in an action entitled *Winkler et al. v. Young et al.*   Margaret Krigbaum conveyed 5 acres of the land and a water right of 2 miner's inches to one who is not a party to this action; and thereafter she conveyed the remainder of the quarter-section, together with a right to 48 miner's inches of water, to Cunningham and Olson.   Olson thereafter conveyed to Cunningham, who thereafter conveyed 20 acres in the northeast corner of the quarter-section, together with a right to six and one-half miner's inches of

water to Elza Harvey, the immediate predecessor in interest of respondent; and Cunningham conveyed the remainder of the quarter-section, being about 135 acres, and a right to forty-one and one-half miner's inches of water to one Martin, who conveyed to appellant. Subsequent to the decree hereinbefore referred to, which adjudicated the waters of Mill Creek alone, and prior to the conveyance to respondent, an action was instituted entitled *Muir et al. v. Allison et al.,* herein referred to as the "Weiser River Suit," to adjudicate the waters of the Weiser River and its tributaries, including Mill Creek. Martin, the immediate predecessor in interest of appellant, was a party to the action and appeared and filed an answer and cross-complaint, in which he alleged that he was the owner of all the southeast quarter of section 34 and of the right to all the water appurtenant to said land (fifty miner's inches), as theretofore adjudicated in *Winkler v. Young.* Prior to the entry of the Weiser River decree, appellant was substituted in the action for Martin, and it was decreed that the Deseret Sheep Company, substituted for C. A. Martin, grantee of Margaret Krigbaum, was entitled to 41.67 inches of water for the said quarter-section, with a duty of water of five-eighths of a miner's inch of water, measured under a four-inch pressure, per acre, with priority of May 1, 1884. During the pendency of the Weiser River suit, respondent's predecessor, Elza Harvey, was the owner of the 20 acres hereinbefore referred to and of a water right appurtenant thereto, but he was not made a party to the action nor was summons served on him.

This cause was tried to the court without a jury. Oral and documentary evidence were introduced on behalf of the respondent but no evidence was offered on behalf of appellant. Findings of fact and conclusions of law were made in favor of respondent and a decree entered thereon, quieting his title to the water right claimed by him and directing a conveyance thereof to him by appellant. There was a second cause of action for damages based on the wrongful detention of water. On this second cause of action respondent recovered a judgment for $225.

It is contended that the court erred in finding that respondent was the owner of a right to five and one-third inches of the waters of Mill Creek adjudged to appellant in the Weiser River decree. By the decree in *Winkler v. Young* there was awarded for use on the entire southeast quarter, fifty miner's inches of the waters of Mill Creek. Thereafter the owner of the quarter-section and of the water right conveyed to Elza Harvey, the grantor of respondent, twenty acres of the land, " . . . . together with Six and one-half miner's inches of the waters of Mill Creek, being a portion of the Waters heretofore adjudicated to the said Southeast Quarter . . . . under Decree of the district court . . . . for the county of Washington, Recorded. . . . . " (The *Winkler v. Young* decree.)

The deed from Elza Harvey to respondent, in addition to a conveyance of the twenty acres of land, used the identical language above quoted, in conveying the water right. There was evidence of the use of the water in the irrigation of the twenty acres, and there was no abandonment of such right. In the absence of evidence to the contrary, these conveyances were certainly sufficient to justify the court in finding that respondent was the owner of the water right mentioned in these deeds. It is certainly neither unlawful, nor unusual, for the owner of a parcel of land, with an appurtenant water right, to convey a part of the land together with a portion of the appurtenant water right.

The court found that respondent was the owner of a right to five and one-third miner's inches of the water adjudicated by the Weiser River decree to belong to appellant, and that appellant took and held the right to said five and one-third inches of water in trust for respondent. Appellant's predecessor, in the Weiser River suit, alleged that he was the owner of the entire quarter-section and was entitled to the whole of the water right decreed, in *Winkler v. Young,* for the entire quarter-section. Under the Weiser River decree there was adjudicated to appellant a right to 41.67 miner's inches of water, the duty of water being fixed at five-eighths of an inch to the acre. The Weiser River decree and the de-

cree in *Winkler v. Young* were based on the same number of irrigable acres in the entire quarter-section, sixty-six and two-thirds. This circumstance plainly shows that all the water adjudicated in *Winkler v. Young* for use on the quarter-section was, in the Weiser River suit, decreed to appellant. Respondent insists that appellant wrongfully claimed ownership of the entire quarter-section of land, and of all the water decreed for use on it, in *Winkler v. Young,* and that because of such misrepresentation appellant secured, by the Weiser River decree, all the water decreed for use on the entire quarter-section. That in the Weiser River suit there was such a misrepresentation of ownership on behalf of appellant of the quarter-section and of the entire water right decreed for use thereon is alleged in the complaint and not denied in the answer. That such misrepresentation resulted in a wrong to respondent the court so found and there can be but little doubt. It is not important as to the motive that gave rise to the misrepresentation. The fact that there was misrepresentation and that it resulted in giving appellant respondent's water right entitled respondent to the relief demanded.

In the syllabus in *White v. Whitcomb,* 13 Ida. 490, 90 Pac. 1080, this court said:

"Where one party has acquired the legal title to property to which another has the better right, a court of equity will convert him into a trustee of the true owner, and compel him to convey the legal title to the equitable owner."

And in that decision this court quoted from *Stark v. Starrs,* 6 Wall. (U. S.) 402, 18 L. ed. 925, by Mr. Justice Field, as follows: "These are only applications of the well-established doctrine that where one party has acquired the legal title to property to which another has the better right, a court of equity will convert him into a trustee of the true owner and compel him to convey the legal title." (See, also, 26 R. C. L. 1232 and 1236, pars. 78 and 83; 39 Cyc. 172.)

Conceding, argues appellant, that respondent was the owner of a water right, he was not deprived of such right by the Weiser River decree, in that he was not a party to that

suit.    And it is contended that in view of such fact, respondent should have proceeded against the water-master according to C. S., sec. 7036.    Conceding that respondent was not bound by the Weiser River decree and that he could have proceeded under C. S., sec. 7036, the remedy provided by that section is not exclusive.    (*Mays v. District Court*, 34 Ida. 200, 200 Pac. 115.)    The fact remains that through misrepresentation there was decreed to appellant property belonging to another, which equity will not permit it to retain. We conclude that respondent proceeded, as he had a right to do, to have restored to him the legal title to property, which, in equity and good conscience, belonged to him, and the legal title to which was wrongfully held by appellant.

The findings appear to determine all the issues raised in the complaint and denied in the answer necessary to the determination of the cause.    Respondent proved and the court found that he had a water right.    That respondent did not establish one of his allegations as to the manner in which the water right was originally acquired is not important, since he did establish other allegations of his complaint under which he proved that he was the owner of the water right.

It is conceded that the second cause of action necessarily rests on the first, except that appellant insists that the evidence does not support any finding of damages.    There is substantial evidence that the detention by appellant of water belonging to respondent resulted in damaging respondent's crops.

Affirmed.    Costs to respondent.

William A. Lee, C. J., Budge and Givens, JJ., and Baum, District Judge, concur.

Taylor, J., did not sit at the hearing and took no part in the decision.