Points Decided.

(No. 4912.  September 22, 1927.)

# R. G. WOOD and EVA WOOD, Respondents, v. N. WILL-IAMSON and CAROLINE WILLIAMSON, Appellants.

### [260 Pac. 158.]

LANDLORD AND TENANT—APPEAL AND ERROR—DISCLAIMER—INADVERTENT JUDGMENT—MAKING OR FAILING TO MAKE FINDINGS, EFFECT — INDEPENDENT COVENANT IN LEASE — LIABILITY OF TENANT — BREACH OF COVENANT, EFFECT.

1. Judgment against a defendant as to whom plaintiffs filed a disclaimer, and against whom the findings set forth that the cause was dismissed, having been inadvertently entered, will be set aside on appeal.

2. Making or failing to make findings with respect to issues, where admitted acts of the parties after commencement of the action made it unnecessary to pass on such issues, and finding thereon was unnecessary to determination of the remaining issues, *held* not reversible error.

3. Tenant cannot, on the theory of landlord's action being breach of lease, escape liability for breach of independent covenant to paint leased house within a definite time, because after the time for tenant's performance of the covenant the landlord commenced action to recover possession for failure to pay rent.

4. Right of action on tenant's covenant to paint leased house arises on breach thereof, and it is not necessary to await expiration of the term.

APPEAL from the District Court of the Second Judicial District, for Latah County.  Hon. Edgar C. Steele, Judge.

Action for breach of covenant.  Judgment for plaintiffs. *Modified and affirmed.*

Publisher's Note.

2. See 26 R. C. L., Trial, sec. 97.

3. See 7 R. C. L., Covenants, sec. 7.

4. See 16 R. C. L., Landlord and Tenant, sec. 790.

See Appeal and Error, 4 C. J., sec. 3041, p. 1057, n. 85; sec. 3044, p. 1059, n. 1; sec. 3165, p. 1155, n. 85.

Landlord and Tenant, 36 C. J., sec. 818, p. 173, n. 13; sec. 820, p. 173, n. 25; sec. 823, p. 175, n. 47.

Thomas A. Feeney and Morgan & Smith, for Appellants.

It is error to render judgment against a married woman in the absence of pleading and proof that the debt, which forms the basis of the judgment, was incurred for her separate use and benefit, or for the benefit of her separate estate. (*Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Dernham & Kaufmann v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497; *Thomas v. Young,* 42 Ida. 240, 245 Pac. 75.)

Where a party is entitled to receive payments at specified dates with a penalty or forfeiture imposed for failure to pay as specified, the right to enforce such penalty or forfeiture may be waived by said party having customarily received such payments after they were due, and so long as the party who is obliged to make the payments makes them, or tenders them, in conformity to the custom so established, he is not in default. (*Montant v. Moore,* 135 App. Div. 334, 120 N. Y. Supp. 556; *Donovan v. Murphy,* 217 Ill. App. 31; *Jacobs v. Jurgensen,* 191 Ill. App. 67; *Whitcomb v. Indianapolis Traction & Terminal Co.,* 64 Ind. App. 605, 116 N. E. 444; *Hanson v. Hanson Hardware Co.,* 23 N. D. 169, 135 N. W. 766.)

"The mere fact that a contract in which time is made of its essence provides for a forfeiture upon failure to perform will not of itself cause a forfeiture of the contract by failure on the part of one of the parties to perform promptly according to its terms. There must be a declaration or some acts or conduct of forfeiture made by the party to the contract claiming the benefit of the forfeiture." (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292.)

"A tender of the rent after the time when it was due, but before a forfeiture has been declared, precludes the right of the lessor thereafter to terminate the lease because of the failure to pay on the day when it was due." (*Houghton v. Cook,* 91 Vt. 197, 100 Atl. 115; *Moran v. Lavell,* 32 R. I. 338, Ann. Cas. 1912D, 1007, and note, 79 Atl. 818.)

A judgment entered upon findings which do not determine all the material issues raised by the pleadings, with respect to which evidence was introduced, is contrary to law and should be reversed. (*Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Turner Agency v. Pemberton,* 38 Ida. 235, 221 Pac. 133; *Erickson v. Winegar,* 41 Ida. 1, 236 Pac. 870.)

Frank L. Moore and Latham D. Moore, for Respondents.

The promise of appellant, N. Williamson, as party of the second part in said contract of lease, to waive any notice of the election of respondents to declare the lease at an end and to waive any demand for possession of said premises was legal and is binding upon the appellant, N. Williamson. (*Espen v. Hinchcliffe,* 131 Ill. 468, 23 N. E. 592; *Crane v. O'Reiley,* 8 Mich. 312; *Davis v. Murphy,* 126 Mass. 143; *Dale v. Doddridge,* 9 Neb. 138, 1 N. W. 999; *Woodbury v. Butler,* 67 N. H. 545, 38 Atl. 379; *Teater v. King,* 35 Wash. 138, 76 Pac. 688.)

Whatever a tenant agrees to pay as compensation for the right to occupy land is termed rent, whether paid in money, chattels or services, or a combination of any or all of them. (*Kuiper v. Miller,* 53 N. D. 711, 207 N. W. 489.)

WM. E. LEE, C. J.—This action was commenced by Wood and wife against Williamson and wife to recover possession of certain real property, consisting of a residence, belonging to the Woods and occupied by the Williamsons, for failure to pay the rent at the time provided in the lease under which the property was held. Because of a breach of a covenant of the lease to paint the house, judgment was also demanded for the cost of painting. Plaintiffs thereafter filed a supplemental complaint, in which they alleged the vacation of the dwelling, that they were entitled to $200 for its occupancy for two months, and for damages occasioned by the removal of certain of the fixtures. The original complaint was by agreement deemed denied, and an answer was interposed to the supplemental complaint, in which

it was denied that $200 was a reasonable rent, but admitted that $120 was reasonable and that they were indebted to plaintiffs in that amount. They denied the allegations with respect to the fixtures; and a separate answer was set up by appellant N. Williamson in which, among other things, it was alleged that through a course of long dealing between the parties the covenant in the lease for the payment of rent in advance on the first day of each month had been waived and that a custom had been established of paying and receiving the monthly rent on or about the tenth of each month. The cause was tried to the court. Findings of fact and conclusions of law were made, and judgment was entered in favor of plaintiffs for the admitted rent, the value of the fixtures and the cost of painting the house. The defendants appeal from the judgment. They do not question the form of the action or that portion of the judgment for the rent and the removal of the fixtures.

[1] It is first contended that the court erred in entering judgment against Mrs. Williamson. Respondents suggest that this was done through inadvertence. It is set forth in the findings that the cause was dismissed against the defendant Caroline Williamson. In their brief, respondents state that a "disclaimer" was filed by them as to Mrs. Williamson. Appellants made no effort in the lower court to have the judgment corrected. The judgment against Mrs. Williamson should be set aside.

[2] Appellants argue that the court erred in making a finding that respondents were entitled to the possession of the premises when the action was begun, and that error was committed in failing to make certain findings on issues raised by the separate answer of N. Williamson to the supplemental complaint. The admitted voluntary surrender of the possession of the leased premises by the appellants and its acceptance by respondents made it unnecessary in this case for the trial court to pass on such issues, and a finding with respect to them was unnecessary to a determination of the remaining material issues. It was not reversible error, therefore, for the trial court to make, or to fail to make, findings with respect to the issues concerning which

the assignment relates. (*Harvey v. Deseret Sheep Co.*, 40 Ida. 450, 234 Pac. 146; *Koon v. Empey*, 40 Ida. 6, 231 Pac. 1097; *Shawver v. Shawver*, 25 Ida. 70, 136 Pac. 436; *Fouch v. Bates*, 18 Ida. 374, 108 Pac. 1038.)

[3, 4] It is contended that the judgment for the cost of the painting of the house should not have been allowed. The lease contained a covenant that the lessee would "paint or cause to be painted the said dwelling-house in a good workmanlike manner at his own cost and expense early in the spring of 1925." This covenant was not dependent on any act to be performed by the lessors, but was an independent covenant to make an improvement within a definite and specified period. The lessee was in possession of the premises when the covenant should have been performed. The relation of landlord and tenant was in no manner questioned until after the time for making the improvement had expired. In order to escape liability for the breach of the covenant, it is contended that the lessors breached the lease by commencing this action. The lessor's action was begun after the time for performance of the covenant to paint had expired and had nothing whatever to do with the failure of the lessee to paint the house within the time provided. A right of action arises on such a covenant when the breach occurs, and it is not necessary to await the expiration of the term. (Tiffany, Landlord & Tenant, vol. 1, pp. 774, 775; *Davies v. Clark*, 10 App. Div. 68, 41 N. Y. Supp. 826; 16 R. C. L. 1094; *Adams v. Nichols*, 19 Pick. (Mass.) 275, 31 Am. Dec. 137; *Gubbins v. Glabman*, 215 Ill. App. 43; *Sipp v. Reich*, 88 N. Y. Supp. 960; *Schieffelin v. Carpenter*, 15 Wend. (N. Y.), 400; 36 C. J. 173.) The failure to paint the house within the time provided therefor was admitted, and there was no error in entering the judgment. (*Roe v. Conway*, 74 N. Y. 201; *Pollman v. Morgester*, 99 Pa. St. 611.)

The judgment against Caroline Williamson will be set aside. The judgment against N. Williamson is affirmed. Costs to respondent.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.