204 P.2d 1010

**SNYDER et ux. v. BOCK et al.**

No. 7457.

Supreme Court of Idaho.

March 23, 1949.

Rehearing Denied April 27, 1949.

Dunlap & Dunlap, of Caldwell, for respondents.

Ariel L. Crowley, of Boise, and Frank F. Kibler, of Nampa, for appellants.

HOLDEN, Chief Justice.

This suit is brought under our "Uniform Declaratory Judgment Act" (S. L. 1933, p. 113). March 1, 1944, J. B. Bock and Bertha Beret Bock, husband and wife, and H. L. Snyder and Margaret M. Snyder, husband and wife, entered into a "Contract for Sale of Real Estate," whereby the Bocks agreed to sell and the Snyders to purchase a section of land located in Canyon county for the sum of $17,500. $2,000 were paid by the Snyders upon the execution and delivery of the contract, the balance being payable in deferred installments with interest at the rate of 6% per annum. By the terms of the contract the Snyders went into possesssion of the lands and are still in possession. The Snyders paid on the purchase price a total sum of $7,622, and made certain improvments of the value of approximately $5,-000. The contract required the purchasers to pay all taxes and water charges and to keep the improvements on the land insured for their full insurable value, and not to suffer or permit any claims of liens against the property. The purchasers made default in the payment of taxes for the years 1944 and 1945 and permitted the same to become delinquent, which taxes, by reason of such failure, the Bocks paid. The Snyders also failed to pay assessments of the Riverside Irrigation District, Ltd., for the years 1944 and 1945, or the premiums on the fire insurance on the improvements for those years, or an instalment of $2,000 due under the contract April 1, 1946. The contract, execu-

tory in form, together with a deed to the property was placed in escrow with the First National Bank of Caldwell, Idaho.

March 3, 1946, Bocks served notice on the purchasers of the forfeiture of the above mentioned contract. June 19, 1946, they served notice of cancelation of the contract and, September 9, 1946, served notice of forfeiture of the contract on the purchasers.

November 15, 1946, an option to purchase the property described in the above mentioned contract, dated March 1, 1944, was executed by the respective parties. By that instrument the Snyders were given the sole and exclusive option to purchase the said property for the sum of $15,000, for and during a period of sixty days from November 15, 1946. The purchase price fixed by the option was not paid within such period, nor at any time thereafter.

The main action was commenced January 21, 1947. April 14, 1947, an amended complaint was filed. June 30, 1947, a second amended complaint was filed. July 14, 1947, the Bocks answered such complaint and at the same time filed a cross-complaint against the Snyders to recover the value of the use and occupation of the property described in the executory contract of sale from and after the date respondents allege the forfeiture of said contract became effective, which cross-complaint the Snyders answered August 25, 1947. October 28, 1947, the second amended complaint was amended in certain particulars. The cause was tried Novem-

ber 3, 1947. February 6, 1948, findings of fact and conclusions of law were filed. February 6, 1948, written objections to the sufficiency of the findings were filed and additional findings proposed. On the same day judgment was entered on the findings from which an appeal was taken to this court.

Appellants allege in their second amended complaint, and amendments thereto, in substance:

That they and respondents entered into the "Contract for Sale of Real Estate" hereinbefore mentioned; that they paid $7,622 on the contract; that by making certain improvements they increased the value of the property described in the contract "by the sum of $5,000.00"; that subsequent to the service on them of the notice of forfeiture dated March 3, 1946, respondents waived that notice by serving on them the notice of cancelation dated June 19, 1946; that respondents did not serve on the escrow holder either of the notices of forfeiture or the notice of cancelation; that respondents did not cancel the contract pursuant to notice of cancelation nor restore or offer to restore appellants' original status, and, on the contrary, respondents September 9, 1946, notified appellants the contract was forfeited; that subsequent to the service of the notice of forfeiture dated September 9, 1946, respondents orally waived the notice and that, therefore, the contract was in full force and effect; that subsequent to the notice of forfeiture dated September 9, 1946, respond-

ents orally abandoned previous attempts to cancel and forfeit the contract; that respondents threatened to forfeit the contract at some future date unless appellants entered into an agreement with respondents; that by reason of such threat and economic pressure appellants entered into an oral agreement to pay and did pay taxes, water assessments, and insurance premiums to the amount of $1513.30; that appellants agreed to and did enter into an option to secure the payment of the purchase price of the land; that in pursuance of said oral agreement to execute the option and in consideration of the payment of the said sum of $1513.30 by appellants, respondents agreed appellants "should own and possess the said premises under said oral agreement of November 15, 1946, subject to the said defeasance"; "that the said defendants [respondents] knowing the large investment of the plaintiff— in the said lands, knowing the plaintiff— to be pressed for ready funds, and by use of business compulsion and the coercion of such circumstances and threats, solely and only for the purpose of securing the said debt of the plaintiff— to the said defendants, compelled the plaintiff— to execute the said option; and under the said circumstances and not otherwise, the plaintiff— did so execute the said option, and thereby renewed and reinstated his rights and obligations, under the Exhibit 'A' [being the Contract for Sale of Real Estate hereinbefore mentioned] as extended and modified by the said oral agreement; and ever since the 15th day of November, 1946, the plaintiff— has been and

now is the equitable owner of said lands, subject to said defeasance"; that the consideration recited in the option, to-wit, $1500, is the identical total sum paid by appellants for taxes, water assessments and insurance premiums; that the option was intended by the parties thereto to be a mortgage.

Respondents filed an answer to the second amended complaint as well as a cross-complaint as above stated. By their answer respondents admitted the execution and delivery of the "Contract for Sale of Real Estate", service of the notices of forfeiture and notice of cancelation of the contract and that they did not cancel the contract, nor restore or offer to restore appellants' original status alleged by appellants; admitted the execution and delivery of the option dated November 15, 1946, also alleged by appellants, but denied it was executed to secure the payment of the purchase price of the property covered by such contract, and generally denied the material allegations of the second amended complaint upon which appellants relied to recover. By cross-complaint respondents alleged, so far as material here: the execution and delivery of the written option dated November 15, 1946; that appellants did not exercise the option within the sixty-day period therein given or at any other time; that "on or about the 21st day of January, 1947, in a written, verified complaint filed by them [appellants] against the cross-complainants in the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Canyon, repudiated and rejected any and all rights granted to them in the said option agreement to purchase the said property by then and there alleging that the said option agreement was signed by them under coercion and compulsion of the cross-complainants"; that notwithstanding the option provides if appellants failed to exercise the option thereby given to purchase the property as therein provided, they would surrender the possession of the property, appellants refused to do so notwithstanding frequent demands; that, June 3, 1947, cross-complainants (respondents) personally served appellants with a written demand for possession of the lands and premises described in the above mentioned contract; "that beginning the 16th day of January, 1947, cross-defendants [appellants] have unlawfully detained, retained and been in possession of said premises, and have had the use thereof, and that they, the said cross-complainants, have been entitled to possession and use of said premises during all the time beginning the 16th day of January, 1947; that the fair value of the use of said premises during the period of time beginning the 16th day of January, 1947, is the sum of $400.00 per month for such length of time as cross-complainants have been and shall be deprived of the possession and use thereof."

Appellants filed an answer to respondents' cross-complaint in which appellants denied the material allegations set forth therein

upon which respondents sought a recovery against them.

The trial court found against appellants on every material allegation of fact on which issue was joined either in the main controversy or the cross-action. But appellants primarily contend for a reversal of the judgment from which they appeal "that the findings are insufficient" in that the trial court failed to make certain findings enumerable as follows:

1. "The question whether a transaction constitutes a mortgage or not is one of fact, on which a finding should have been made."

The trial court did make a finding on the question as to whether the transaction involving the execution of the option constituted a mortgage:

"That said option was not, nor intended by the parties hereto to be, a mortgage." And, while there was considerable evidence adduced on the question as to whether the transaction involving the execution of said option, constituted a mortgage, this court has uniformly held while different minds might reach different conclusions on the evidence, that, where such is the case, however meager the evidence, if it is of a substantial nature and character, as in the case at bar, the findings of the trier of fact should prevail. Lingenfelter v. Eby et al., Idaho, 190 P.2d 130, 133, and cases there cited.

2. "That the amount shown as a consideration in the option in question was computed by respondent J. B. Bock in his own handwriting as being the approximate equivalent of the taxes in default and insurance premiums to be paid under the purchase contract", which is another angle of the contention the option transaction constituted a mortgage. The trial court found:

"That the sum recited in said option, to-wit, $1,500.00, as the consideration thereof was not the identical sum as set forth in Paragraph 13 of plaintiffs and cross-defendants amended complaint and was not paid under said oral agreement for the purposes set forth in said paragraph."

The trial court thereby found, in substance and effect, the consideration recited in the option was not paid under the oral agreement alleged in paragraph 13, in which paragraph appellants alleged, among other things, they paid taxes, water assessments and insurance premiums totaling $1513.30 under an oral agreement whereby "plaintiff agreed to execute and deliver to the defendants [respondents] to secure to them the payment of the debt owed by him to the defendants for the purchase price of said land, a defeasance, to-wit, an option". Moreover, the court not only found against appellants, but it further expressly found, as above pointed out, "that said option was not, nor intended by the parties hereto to be, a mortgage". Furthermore, it was wholly immaterial to a decision of this cause as to whether respondent J. B. Bock, did, or did not, compute the approximate

equivalent of the taxes in default and insurance premiums to be paid, in his own handwriting.

3. "That the option was orally extended for the purpose of negotiation of a loan to retire the contract balance."

The trial court having found the option was not a mortgage, and not intended by the parties to be a mortgage, it would be immaterial as to whether the option was, or was not, "orally extended for the purpose of negotiation of a loan to retire the contract balance."

4. "That the appellants had offered to pay the entire balance on the purchase contract, and were ready, willing and able to pay it."

■ In support of that contention it is argued that "On the trial the offer was orally made to Mr. Bock while he was on the stand and rejected by him." The record shows the offer referred to was also made in appellants' second amended complaint. Neither offer was accompanied by a legal tender of any sum or amount of money nor was any amount of money whatever ever deposited with the clerk of the trial court for payment over to respondents upon acceptance of the offer. The offer, under all the facts and circumstances of this case, was simply an idle, meaningless gesture.

5. "That there were successive waivers of each notice of forfeiture and cancellation." ⋯

■ As to the notice of cancelation, appellants alleged the contract was not canceled pursuant to notice of cancelation, which respondents by answer admitted. Hence, there could be no issue on that. And as to the first notice of forfeiture dated March 3, 1946, the record shows appellants alleged such notice was waived by respondents by reason of the later service upon them by respondents of the above mentioned notice of cancelation, which amounted to an allegation of a conclusion of law. Furthermore, it is not necessary to make a finding when not essential to a determination of the cause. Koon v. Empey, 40 Idaho 6, 13, 231 P. 1097; Harvey v. Deseret Sheep Co., 40 Idaho 450, 234 P. 146; Wood v. Williamson, 44 Idaho 719, 260 P. 158; Shawver v. Shawver, 25 Idaho 70, 130 P. 436. As to the second and last notice of forfeiture dated September 9, 1946, the trial court found respondents did not waive it either orally or otherwise.

■ We come now to appellants' contention it would be inequitable and unjust to adjudge a forfeiture of the contract in that respondents by their conduct led appellants to believe strict performance would not be insisted upon citing and relying on Stringer v. Swanstrum, 66 Idaho 752, 168 P.2d 826. That case involved the specific performance of a contract for the sale of real property. The trial court in that case found the buyer had not forfeited his rights under the contract; that the seller "waived strict performance with

respect to the time of payment of the indebtedness", and by advising the buyer "that all they wanted was the interest money, and that they would let him [the buyer] know when they wanted the balance of the purchase price." The record does not disclose such a state of facts in the case at bar. Here, the record shows service of notice of forfeiture of the contract early in March, 1946, as well as the service of another notice of forfeiture September 9, 1946, so it is difficult to understand how appellants could have believed respondents were not insisting upon a strict performance of the contract. Appellants do not bring themselves within Stringer v. Swanstrum, supra, either as to the facts or the law.

Furthermore, the record shows, and the trial court found, appellants defaulted in the payment of taxes, water assessments and insurance premiums; that they also defaulted in the payment of the instalment of $2,000 due on the purchase price April 1, 1946; that some seven months later an option was executed under the terms of which respondents agreed to sell and convey to appellants the identical property described in the "Contract for Sale of Real Estate", and whereby appellants agreed to purchase the same for the agreed price of $15,000. The record further shows and the trial court found appellants repeatedly told respondents "they did not have the required money", and were not financially able to pay such purchase price. To argue appellants did not, by joining in the execution of the option, fully understand they were thereby waiving and abandoning the old "Contract for Sale of Real Estate," and would rely on the new contract, is equivalent to arguing appellants were not competent to contract.

Turning now to respondents' cross-action for damages for the use and occupation of the lands and premises covered by the contract, we find from a study of the evidence in the record there is no merit in appellants' contention that the judgment therefor is not supported by the proof. Nor is there any merit in the further contention that "No rents are chargeable against appellants for the reason that the contract, Exhibit A, has never been lawfully terminated."

In conclusion: Many errors are assigned and contentions made by appellants not herein discussed. We have fully examined them, however, and concluded that none was sufficient to justify a reversal of the judgment. Hence, the judgment must be affirmed, and it is so ordered, with costs to respondents.

GIVENS and PORTER, JJ., and SUTPHEN and McDOUGALL, District Judges, concur.