520 P.2d 549

Marcel LEVESQUE, SSA 538–30–4280,
Claimant-Appellant,

v.

HI–BOY MEATS, INC., Employer, and De-
partment of Employment, Defend-
ants-Respondents.

No. 11322.

Supreme Court of Idaho.

March 28, 1974.

A. L. Lyons, Boise, for claimant-appel-
lant.

R. LaVar Marsh, Raymond Malouf,
Asst. Attys. Gen., Dept. of Employment,
Boise, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal by claimant Marcel J.
Levesque from an order of the Idaho In-
dustrial Commission denying unemploy-
ment insurance benefits to him on the
ground that he was discharged for mis-
conduct in connection with his employment.
That misconduct was claimant's physical
beating of one George High, inflicting
physical harm on High and requiring his
hospitalization for ten days. We affirm
the order of the Industrial Commission.

In January of 1970, George High and
his wife contracted to purchase a meat
packing plant in Emmett, Idaho. In Janu-
ary of 1971 claimant Levesque and one
Novak became employees at the plant. In
April of 1971 Levesque and Novak con-
tracted with the Highs ·to purchase an in-
terest in the 1970 purchase contract and in
the business property. That contract by
Levesque, Novak and the Highs provided
for incorporation of the business, the

transfer of all interests acquired under the contracts to the corporation, equal issuance of stock, and the escrowing and pledging of the Levesque and Novak corporate shares until payment of the contract balance.

The business thereafter was conducted in the corporate name. All three men worked at the meat packing plant and drew a weekly salary. It was agreed that profits would be divided among them at year end.

The Industrial Commission found that High, Levesque and Novak regarded themselves as corporate directors, as well as employees of the corporation. The Commission also found that by mutual agreement High was considered to be president of the corporation, that High was considered to be the "boss," that Levesque and Novak took directions from him, that High had acted in the hiring and firing of at least one other employee, and that High possessed such authority by agreement or acquiescence of Levesque and Novak.

■ The findings of fact of the Industrial Commission, if supported by substantial, competent evidence, are binding on this court. I.C. §§ 72–724, 72–732, 72–1368(i). Toland v. Schneider, 94 Idaho 556, 494 P.2d 154 (1972); Alder v. Mountain States Tel. and Tel., 92 Idaho 506, 446 P.2d 628 (1968). The above findings of fact of the Industrial Commission are supported by substantial competent evidence and will not be disturbed by this court.

The record reveals that there was considerable friction between High and Levesque and Novak. There was disagreement regarding the business practices, and the payment of a portion of Levesque's salary. This friction culminated in a physical altercation between Levesque and High on April 3, 1972. The Commission found, albeit on conflicting evidence, that following a heated discussion between the men, High attempted to leave the packing plant, but Levesque blocked his exit. High attempted to force his way out of the building. Levesque struck High, who then ran out of the building. Levesque chased and assaulted High, who was physically injured and was hospitalized for ten days.

On April 27, 1972, High, his wife, and their attorney purported to hold a special stockholders' meeting, following which High wrote letters to Novak and Levesque purporting to remove them as directors of the corporation and terminating their employment. High testified that he sent the letters out of fear of further violence. After receiving the correspondence, claimant Levesque left the business premises, considered his employment terminated and filed a claim for unemployment benefits.

The matter was heard before an examiner, and thereafter, at a hearing before the Industrial Commission. The Commission made the above findings of fact and concluded that claimant was an employee of the corporation, and that High had authority to discharge claimant, and that the assault by Levesque constituted misconduct in spite of "a degree of provocation" on the part of High. On the basis of the foregoing, the Commission determined that claimant Levesque was ineligible for unemployment benefits. The Commission also concluded that if it was considered that the individuals were engaged in some type of joint venture, partnership or loose association, the claimant could not have been an employee and therefore was unable to claim benefits.

I.C. § 72–1366 provides:

"The personal eligibility conditions of a benefit claimant are that * * *

"(f) His unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment."

I.C. § 72–1366(*l*) provides:

"A benefit claimant shall not be entitled to benefits if his principal occupation is self-employment."

■ As above noted, the findings of the Industrial Commission will be affirmed on appeal if they are supported by substantial, competent evidence. The findings and conclusions of the Industrial Commission

relating to the discharge of claimant Levesque for misconduct are supported by substantial competent evidence. Claimant-appellant Levesque contends that the Industrial Commission erred when it made no specific findings of fact regarding the tendered evidence of claimant Levesque concerning the issuance of the corporate stock, the pledging of the Novak-Levesque stock, the propriety of the "stockholders' meeting" and the compliance by the corporation with Idaho statutes.

Such requested findings of fact were immaterial in the case at bar since their resolution would not affect or change the result reached herein. Metzker v. Lowther, 69 Idaho 155, 204 P.2d 1025 (1949); Snyder v. Bock, 69 Idaho 168, 204 P.2d 1010 (1949). See also Oliver v. Creamer Heating & Appliance, 91 Idaho 312, 316, 420 P.2d 796 (1966). As herein stated, if the Industrial Commission had made the requested findings of fact, it would have at best placed claimant Levesque in a category which would have resulted in denial of benefits to claimant on the basis that he was self-employed. The determination by the Industrial Commission that High was at least the de facto authority in personnel matters was not a new or surprising issue since this matter was contested at both hearings.

We have examined appellant's other assignments of error, and find them to be without merit. The order of the Industrial Commission is affirmed. Costs to respondent.

DONALDSON, McQUADE, McFADDEN, and BAKES, JJ., concur.