520 P.2d 864

**Philip E. GARROW, SSA 390–24–4528, Claimant-Appellant,**

v.

**IDAHO STATE SCHOOL & HOSPITAL, Employer,**

and

**Department of Employment, Defendants-Respondents.**

**No. 11509.**

Supreme Court of Idaho.

April 1, 1974.

Philip E. Garrow, pro se.

Raymond N. Malouf, Dept. of Employment, R. LaVar Marsh, Asst. Atty. Gen., Boise, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from an order of the Industrial Commission denying unemployment benefits to claimant-appellant Philip Garrow on the basis that he was discharged from employment for misconduct. The case involves solely the question of whether the findings of the Industrial Commission are sustained by substantial evidence. We hold they are not so sustained and reverse.

Claimant Garrow was employed at the Nampa State Hospital as a Maintenance Man II. He was requested to perform certain work and refused the assignment on the basis it was outside the purview of his job category. He was discharged from employment, sought unemployment benefits, and received hearings before an examiner, an appeals examiner and the Industrial Commission, all of whom denied his claim for benefits on the basis that he was discharged for misconduct.

Garrow has appealed, contending in essence that the finding of the Industrial Commission of "misconduct" is not sustained by the evidence in the record. This Court has consistently adhered to the rule most recently announced in Toland v. Schneider, 94 Idaho 556, 494 P.2d 154 (1972), that the findings of the Industrial Commission will be sustained on appeal if supported by substantial, although controverted, evidence in the record. It is sufficient to say only that there is not substantial evidence in the record to sustain the findings of the Industrial Commission.

Our holding herein is further sustained by the fact that prior to seeking unemployment compensation, claimant Garrow sought relief from his discharge from employment before the Idaho Personnel Commission. That Commission found he was not guilty of misconduct and that his employer had in fact demanded that Garrow perform duties outside and beyond those required of him by his job classification. The Personnel Commission ordered his reinstatement and the employer complied

with such order. Such facts could be deemed to present questions of collateral estoppel or res judicata in the area of administrative agency orders. However, claimant appeared at all levels of this matter pro se, and is a layman; such issues were not raised or argued and therefore need no resolution herein.

The order of the Industrial Commission is reversed and remanded, with directions that claimant be paid unemployment compensation for the period of his unemployment. Costs to appellant.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.