522 P.2d 586

Cirilo M. MATA, Jr., Appellant,

v.

BROADMORE HOMES, Employer, and De-
partment of Employment, Respondents.

No. 11400.

Supreme Court of Idaho.

May 15, 1974.

Ernesto G. Sanchez, Michael E. Donnel-
ly, Western Idaho Legal Aid, Caldwell, for
claimant-appellant.

R. LaVar Marsh, Legal counsel, Dept. of
Employment, W. Anthony Park, Atty.
Gen., Ray N. Malouf, Asst. Atty. Gen.,
Boise, for respondent Dept. of Employ-
ment.

McFADDEN, Justice.

Cirilo M. Mata, Jr., claimant-appellant,
is an unskilled laborer who was formerly
employed by Broadmore Homes of Nampa,
Idaho, as a lumber press operator. On
January 18, 1973, Broadmore Homes ter-
minated claimant's employment for his re-
fusal to accept a work assignment out-
doors. Claimant filed for unemployment
insurance benefits with the Idaho Depart-
ment of Employment on January 22, 1973.
A claims examiner of the Department de-
nied claimant unemployment benefits on
the grounds that his employer had dis-
charged him for "misconduct in connection
with his employment." The claimant pro-
tested and the claims examiner issued a re-
determination to the same effect. The
claimant then appealed the adverse deter-
mination of the claims examiner to a De-
partment of Employment appeals examiner.
I.C. § 72–1368(d).

The appeals examiner held a hearing on March 1, 1973, but Broadmore Homes, although properly notified, failed to appear. The appeals examiner heard testimony from the claimant and closed the hearing. On March 9, 1973, the appeals examiner reopened the hearing at Broadmore Home's request. After the second hearing the appeals examiner held that appellant failed to inform his employer of the reasons for refusing a work assignment and that this refusal constituted misconduct in connection with his employment which disqualified him for unemployment benefits. The claimant appealed to the Industrial Commission which after a hearing entered findings of fact, conclusions of law and an order affirming the appeals examiner's determination. The Industrial Commission then denied claimant's petition for rehearing. Claimant appealed to this court from the Industrial Commission's findings of fact, conclusions of law and order.

The first issue presented is whether the Industrial Commission erred in concluding that the claimant's employer discharged him for misconduct in connection with his employment. Under the employment security law, title 72, chapter 13, Idaho Code, a claimant must meet conditions of eligibility before receiving unemployment benefits. I.C. § 72–1366(f) provides that a claimant's unemployment must not be due "to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment." The Industrial Commission in this case specifically found that claimant's termination resulted from his refusal to accept a work assignment outdoors; that claimant refused a work transfer because cold temperatures caused pain in a broken tooth; and that claimant failed to inform the assistant production manager of the effect of cold weather on the tooth. The Industrial Commission concluded that the claimant had been discharged for misconduct in connection with his employment, since the claimant objected to the work transfer simply on the grounds that he had performed his present job as a lumber press operator satisfactorily. As a matter of record claimant's broken tooth resulted from an accident unrelated to his employment.

The claimant contends that the Commission erred in concluding that his employer discharged him for misconduct in connection with his employment. Claimant also contends that he informed Tony Chavez, his supervising leadman, Paul Caba, assistant production manager, and Lonnie Smith, plant manager, of the adverse effect of cold air on his broken tooth. In this regard the Industrial Commission found only that the claimant did not inform Paul Caba of the condition of his tooth in cold temperatures; this finding served as the basis for its conclusion of claimant's misconduct.

The commission made no findings concerning claimant's notification of either the plant manager or his supervising leadman. The claimant testified at the Commission's hearing that he notified both of these men. This testimony simply reiterated his testimony before the Department of Employment appeals examiner. Indeed, at the appeals examiner's hearing Paul Caba admitted that he did not know whether the claimant notified Chavez or Smith of his physical condition and the effect of cold temperatures on his tooth.

In considering claimant's challenge to the Industrial Commission's finding this court is bound by such findings if they are supported by substantial, competent evidence. Alder v. Mountain States T. & T. Co., 92 Idaho 506, 446 P.2d 628 (1968). See, I.C. §§ 72–724, 72–732, 72–1368(i). However, when the commission does not hear and see the witnesses, the findings are not binding on this court. Mandes v. Employment Sec. Agency, 74 Idaho 23, 255 P.2d 1049 (1953); Phipps v. Boise Street Car Co., 61 Idaho 740, 107 P. 2d 148 (1940). In this case only the claimant appeared and testified before the Industrial Commission reiterating his statements made to the appeals examiner. The commission's finding that Mr. Caba was unaware of claimant's reasons for refusing

the work assignment outdoors is not binding on this court, since he did not appear before the commission. Furthermore, claimant's testimony at both the appeals examiner's hearing and the Industrial Commission's hearing concerning his notification of the plant manager and the supervising leadman of his physical condition and the adverse effect of cold air on it is uncontradicted. Notice to either the plant manager or claimant's supervising leadman would be in this case effective notice to his employer. In this case the adverse effect of cold temperatures on claimant's broken tooth is also uncontradicted. We conclude that claimant gave proper, timely notice to his employer of his physical handicap and that claimant's refusal to accept work outdoors on account of this handicap does not constitute misconduct in connection with his employment.

The order of the Industrial Commission affirming the order of the appeals examiner is reversed and the Industrial Commission is directed to enter an order in conformity with this opinion. Costs to appellant.

DONALDSON and McQUADE, JJ., concur.

SHEPARD, C. J., and BAKES, J., dissent.