531 P.2d 775

**Gerald G. GRADWOHL, Claimant-Appellant,**

v.

**J. R. SIMPLOT COMPANY, Employer and Argonaut Northwest Insurance Company, Surety, Defendants-Respondents.**

No. 11738.

Supreme Court of Idaho.

April 21, 1975.

Raymond C. Givens, of Idaho Legal Aid Services, Inc., Caldwell, for claimant-appellant.

John W. Barrett of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-respondents.

PER CURIAM:

This is an appeal by claimant from a decision of the Industrial Commission which denied claimant compensation for hypertension. Claimant-Appellant Gerald Gradwohl suffered injuries in a 1971 industrial accident. During the course, and as a result of, the treatment for those injuries he suffered serious and various allergic reactions. He also developed and suffers from hypertension which he alleges resulted from the accident and the allergic reactions. He was fully compensated for the original injuries and for the allergic reactions to the treatment. However, the Industrial Commission found as a factual matter that there was no causal connection between the original industrial accident and the hypertension, and thus denied compensation for the hypertension.

Findings of fact by the Industrial Commission may be reviewed and set aside by this Court only if they are not based on substantial competent evidence. I.C. § 72–732; Art. 5, § 9, Idaho Constitution. *See also* I.C. § 72–724; Alder v. Mountain States Telephone and Telegraph Co., 92 Idaho 506, 446 P.2d 628 (1968); Levesque v. Hi-Boy Meats, Inc., 95 Idaho 808, 520 P.2d 549 (1974). Appellant argues a contrary result in this case since medical testimony before the Commission was in the form of depositions. We reject that contention and the argument that Mata v. Broadmore Homes, 95 Idaho 873, 522 P.2d 586 (1974) is controlling. *Mata* is clearly distinguishable from the case at bar. We find there is substantial competent although conflicting evidence to support the finding of the Industrial Commission of the lack of causal connection between the accident and the hypertension condition. The decision of the Industrial Commission is *affirmed.*