556 P.2d 859

**Chester G. WROBLE, Claimant-Appellant,**

**v.**

**BONNERS FERRY RANGER STATION, Employer,**

**and**

**Department of Employment, Defendants-Respondents.**

**No. 12144.**

Supreme Court of Idaho.

Nov. 12, 1976.

Marshall C. Aungier, Idaho Legal Aid Services, Inc., Coeur d'Alene, for claimant-appellant.

Wayne L. Kidwell, Atty. Gen., and Donald L. Harris, Asst. Atty. Gen., Boise, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from a decision of the Industrial Commission in which claimant was denied unemployment compensation benefits because he was discharged for misconduct. We reverse.

In September of 1974 claimant-appellant Chester Wroble applied for a position as a surveyor's aide with the U. S. Forest Service office in Coeur d'Alene, Idaho. In June of 1975 when he checked with that office he was told that his application "had been rendered inactive or destroyed" and that he would have to file a new application. He was also told that while the Coeur d'Alene office had no openings, the Bonners Ferry and Avery offices had employment openings. He obtained two additional applications for filing with Bonners Ferry and Avery. At about 3 o'clock p. m. on June 5, Wroble was told in a telephone conversation with the Bonners Ferry office the deadline for applications there was the following day, June 6, 1975, at 4 o'clock p. m.

The application forms were the same as he had previously filed at the Coeur d'Alene office. Those forms required a complete employment history from age 16 and contained the following admonition:

"It is important that you answer all questions on your statement fully and accurately; failure to do so may delay its consideration and could mean loss of employment opportunities."

Wroble filled out the application for filing with the Bonners Ferry office and sent it by special delivery mail to Bonners Ferry on either June 5 or June 6. In that application Wroble provided only prior employment history relating to recent Idaho employment and jobs that he deemed relevant to the surveyor's aide position. However, he had worked in many short time jobs in several states in the past which included three federal positions. He omitted

from the Bonners Ferry application information relating to 10 or 15 of those positions and included in those omissions were all federal positions. Among those federal positions was a two-week employment at a post office in 1969 from which, according to employment records and although disputed by Wroble, he was discharged for being absent without leave.

On June 9, Wroble submitted an application form to the Avery office which was concededly complete in all respects except for what the Commission found was the inadvertent omission of the previous post office employment.

On June 16, Wroble was hired by the Bonners Ferry office but after two weeks employment it was discovered that Wroble had not included all previous employment on his application form. Wroble was informed that he would be terminated but that if he resigned and reapplied, his work record would not be affected. Therefore he submitted his resignation but later received notice from the Coeur d'Alene office stating that he was *discharged* "due to falsification of a government document."

Wroble filed for unemployment compensation benefits which were denied and upon appeal an examiner found that although there was a "discharge", nevertheless it resulted from his own "misconduct." The appeals examiner concluded that Wroble's omission of previous employment data was a deliberate violation of an employer's rule and thus misconduct. That decision was affirmed on appeal to the Industrial Commission and this appeal results.

I.C. § 72–1366(e) provides:

"The personal eligibility conditions of a benefit claimant [for unemployment benefits] are that * * * [his] unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged from misconduct in connection with his employment."

■ We note initially that we are dealing here with a discharge from employ-

ment and not a voluntary resignation. Both the appeals examiner and the Industrial Commission found on the basis of substantial evidence that Wroble's resignation was involuntary and in effect constituted discharge. Also we find no issue in the fact that Wroble's actions preceded actual employment. The statute expressly states that misconduct is cognizable if arising "in connection with employment." Although not all prior conduct would qualify as misconduct under I.C. § 72–1366(e), here the conduct although preliminary, was inextricably linked with the employment relationship and thus we hold it was conduct arising in connection with employment.

Misconduct within the meaning of I.C. § 72–1366(e) has been generally defined as "* * * wilful, intentional disregard of the employer's interests; a *deliberate violation of the employer's rules;* or a disregard of the standards of behavior which the employer has a right to expect of his employees." *Oliver v. Creamer Heating & Appliance Co.,* 91 Idaho 312, 317, 420 P.2d 795, 800 (1966) (emphasis supplied). The respondent points to no decisions of this Court concerning an interpretation of violation of the employer's rules as constituting misconduct within the meaning of the statute unless the violation also was violative of the employer's interest. Prior cases of this Court have involved misconduct as being disregard of the employer's interests or disregard of the standards of behavior. *See, Johns v. S. H. Kress & Co.,* 78 Idaho 544, 307 P.2d 217 (1957); *Watts v. Employment Security Agency,* 80 Idaho 529, 335 P.2d 533 (1959); *Rasmussen v. Gem State Packing Co.,* 83 Idaho 198, 360 P.2d 90 (1961); *Custom Meat Packing Co. v. Martin,* 85 Idaho 374, 379 P.2d 664 (1963); *O'Neal v. Employment Security Agency,* 89 Idaho 313, 404 P.2d 600 (1965); *Oliver v. Creamer Heating & Appliance Co., supra; Alder v. Mountain States Tel. & Tel. Co.,* 92 Idaho 506, 446 P.2d 628 (1968); *Levesque v. Hi-Boy Meats, Inc.,* 95 Idaho 808, 520 P.2d 549 (1974).

■ We do not perceive the legislative intent in enacting I.C. § 72–1366(e) nor do we construe our opinion in *Oliver v. Creamer Heating & Appliance Co., supra,* to require that any violation of *any* rule of an employer will, per se, constitute misconduct such as will result in the denial of unemployment compensation benefits upon discharge. While an employer may make almost *any* kind of a rule for the conduct of his employees and under some circumstances may be able to discharge an employee for violation of *any* rule, such does not, per se, amount to "misconduct" constituting a bar to unemployment compensation benefits.

■ Here, if misconduct there was, it came from the claimant's nonconformance with the letter of the rule enunciated by the employer. Here, there appears to be no *deliberate violation* of the spirit of the rule.

The Industrial Commission found that claimant had inadvertently omitted from his applications a temporary two-week employment with the post office in 1969. The record indicates no substantial controversy as to whether claimant was voluntarily or involuntary terminated from that employment. The Industrial Commission further found that Wroble was constrained by the pressures of the deadline in submitting his application to the Bonners Ferry office for action by the following day. There is no contention but that the 1974 application to the Coeur d'Alene office and the 1975 application to the Avery office contained complete employment histories. The Commission further found that claimant believed the information omitted from the Bonners Ferry application was not relevant since that past omitted employment did not relate to surveying, was not recent in time and had not taken place in Idaho. The Coeur d'Alene office had, in fact, referred claimant to the Bonners Ferry office and that existing employment opening.

Given all of the above facts as found by the Commission the record simply does not

support any deceitful intent on the part of the claimant in concealing previous employment history for the purpose of obtaining employment. All inferences are to the contrary. Therefore we hold that there is not shown any *deliberate* violation of the spirit of the employer's rules. "Misconduct" in this context is such as will bar the availability of unemployment benefits which were designed to provide some measure of economic security to one who has been terminated through no cognizable fault of his own.

The decision of the Industrial Commission is reversed and remanded for further proceedings consistent herewith.

Costs to appellant.

McFADDEN, C. J., and DONALDSON and BISTLINE, JJ., concur.

BAKES, Justice (concurring specially):

In its findings of fact and conclusions of law, the Industrial Commission found:

"III

"The claimant submitted an application to the Bonners Ferry Ranger District dated June 5, 1975. This application was the standard federal employment application form which required the applicant to list the last employment in federal service and all employment experience within the previous fifteen years. The claimant had secured the application on June 5 from the Coeur d'Alene office of the Forest Service and learned that the application had to be postmarked by 4:00 p. m. June 6 to be within the deadline for submission of applications. The claimant mailed and completed application by special delivery and it was received by the Bonners Ferry Ranger District on June 9. The claimant was subsequently offered and accepted the employment he sought.

"IV

"The claimant listed in his application only the previous employment which he

believed pertinent to the surveyor's aide position he was seeking. He omitted all previous federal employment and considerable civilian employment to the extent that ten to fifteen jobs were omitted. The claimant omitted his full employment history because he believed that only that portion which he felt was pertinent to surveying work should be included. He also considered the time within which he could submit his application. The claimant was aware that his personnel records were on file at the Forest Service office in Coeur d'Alene and those records were more complete." Tr., p. 45.

Regarding the 1969 Post Office position that Wroble omitted from the application, the Industrial Commission found:

"V

". . . The claimant's personnel records show that the 1969 employment was terminated because the claimant was absent from work without permission. The claimant had forgotten the 1969 employment and did not recall it until he was shown his personnel records at a subsequent time. The claimant denied that he was discharged from this employment and recalls that he resigned during a telephone conversation with his supervisor because the hours of work were affecting his health." Tr., p. 46.

Based on these findings, the Commission then concluded:

"IV

"The deliberate and substantial omission of material called for in a job application violated the employer's rules and requirements contained in the application and therefore constituted misconduct in connection with the claimant's employment." Tr., p. 48.

The Industrial Commission applied the definition of misconduct enunciated by this Court in *Oliver v. Creamer Heating & Appliance Co., supra,* concluding that Wroble deliberately violated the employer's rules,

and barred his recovery of unemployment compensation benefits.

A determination by an employer that an employee has committed misconduct constituting grounds for discharge is not binding on the Industrial Commission. The question whether an employee has committed "misconduct" within the meaning of I.C. § 72–1366(e) which would bar recovery of unemployment compensation benefits is in the first instance for the Department of Employment and the Industrial Commission, but reviewable by this Court. *Mata v. Broadmore Homes*, 95 Idaho 873, 522 P. 2d 586 (1974); *Garrow v. Idaho State School & Hospital*, 95 Idaho 817, 520 P.2d 864 (1974). The Industrial Commission in this case appears to have applied a *per se* rule that any violation of any rule of an employer will constitute misconduct and a bar to benefits. In effect, the Industrial Commission was allowing the employer to define, by adoption of rules and regulations and by its determination that an employee has violated such rules and regulations, what will constitute misconduct under the statute. The legislature has not defined misconduct in I.C. § 72–1366(e), and therefore this Court must do so, consistent with what we perceive to be legislative intent. It is manifest that the legislature did not intend that misconduct such as would bar recovery of benefits under the act would be defined by the employer.

The Industrial Commission found that the reason Wroble deliberately failed to list all of his previous employment experience was that he felt constrained by the time deadline for applications, that he believed that other past employment was not relevant to surveying work, and also that he had forgotten about the 1969 Post Office position. Based on these findings, I agree that as a matter of law Wroble's failure to include this data on his application form did not constitute misconduct sufficient to bar recovery of benefits under the Employment Security Law.